FILED - USDC ALSD
MAY 26 '26 PM3:47

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ALABAMA**

**SOUTHERN DIVISION**

SCANNED

JEFFERY JEROME HARRIS;

SHARON DENISE FAILS, individually and as Executor

of the Estate of Bobby Lee Hill Jr.;

TYRANCE HARRIS;

HOLLY POWE;

and THE ESTATE OF AMY POWE, by and through

Samantha Powe, Personal Representative,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

**Case No.: 1:26-cv-184-JB-MU**

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

28 U.S.C. §§ 1346(b), 2671–2680

## PART I: PARTIES AND JURISDICTION

**A. Plaintiffs**

1. Jeffery Jerome Harris is a citizen of the United States and a resident of Mobile County, Alabama, residing at 2054 Height Street, Mobile, AL 36605. Plaintiff is a Gulf War-era United States Marine Corps veteran. The Department of Veterans Affairs (VA) reviewed Plaintiff's character of discharge and, upon finding that Plaintiff suffered from a circadian rhythm sleep disorder and an adjustment disorder during military service, changed Plaintiff's character of discharge from Bad Conduct to Honorable for VA purposes. The VA subsequently verified Plaintiff's toxic exposure risk activity (TERA) under the PACT Act and established Plaintiff's service-connected disabilities, including systemic lupus erythematosus, which the VA determined is presumptively connected to Plaintiff's military toxic exposure requiring no further nexus opinion. Plaintiff carries ten service-connected disabilities. Plaintiff's military toxic exposure included jet fuel (JP-8) containing benzene, toluene, ethylbenzene, xylenes, naphthalene, and other polycyclic aromatic hydrocarbons—the same classes of compounds Plaintiff was exposed to in civilian environmental settings.

2. Plaintiff was born on November 13, 1980, at Mobile, Alabama, to Sharon Denise Fails and Dock Powe (deceased). Plaintiff's gestation occurred from approximately February 1980 through

November 1980. During this entire gestational period, Plaintiff's mother resided in the Africatown/Prichard corridor of Mobile County, Alabama.

3. Plaintiff Sharon Denise Fails is a citizen of the United States and a resident of Mobile County, Alabama. Plaintiff Fails is the mother of Plaintiffs Jeffery Harris, Tyrance Harris, and the decedent Bobby Lee Hill Jr. Plaintiff Fails is the duly appointed Executor of the Estate of Bobby Lee Hill Jr. by the Mobile County Probate Court. Plaintiff Fails resided in the Africatown/Prichard corridor of Mobile, Alabama, during her pregnancies with Jeffery Harris (1980) and Bobby Lee Hill Jr. (1984), and resided in Cleveland, Ohio, during portions of her children's childhoods. Plaintiff Fails suffers from systemic lupus erythematosus, renal dysfunction, hematuria, and vascular fragility caused by cumulative environmental toxic exposure.

4. Plaintiff Tyrance Harris is a citizen of the United States and a resident of Mobile County, Alabama. Plaintiff Tyrance Harris was born in 1975 in Cleveland, Ohio, to Sharon Denise Fails, and was exposed to prenatal lead in utero. He resided in Cleveland during childhood and returned to Mobile, Alabama, as an adult. Plaintiff Tyrance Harris suffers from peripheral neuropathy, renal stress, chronic migraines, atopic dermatitis, psoriasis, and anemia caused by cumulative environmental toxic exposure.

5. Plaintiff Holly Powe is a citizen of the United States and a resident of Mobile County, Alabama. Plaintiff Powe was born in 1974 in Mobile, Alabama, and has resided in the Africatown/Prichard corridor for most of her life. Plaintiff Powe suffers from congenital cervical fusion at C6-7, congenital coccyx deformity, ovarian cancer, liver dysfunction, kidney impairment, atherosclerosis, degenerative disc disease, and chronic gastrointestinal conditions

caused by cumulative environmental toxic exposure during her gestation and lifelong residence in the contaminated corridor.

6. Plaintiff Estate of Bobby Lee Hill Jr. appears by and through Sharon Denise Fails, Executor, duly appointed by the Mobile County Probate Court. Bobby Lee Hill Jr. was born on October 17, 1984, in Mobile, Alabama, to Sharon Denise Fails. His gestation occurred from approximately January 1984 through October 1984, during which his mother resided in the Africatown/Prichard corridor. He died on June 29, 2025, at Sacred Heart Hospital in Pensacola, Florida, at age 40. His death resulted from stroke with 7mm midline shift, Stage 4 chronic kidney disease, heart failure, severe mitral regurgitation, and cardiovascular collapse—all conditions caused or substantially contributed to by cumulative environmental toxic exposure. Plaintiff Estate brings this wrongful death action pursuant to 28 U.S.C. § 1346(b) and Alabama Code § 6-5-410.

7. Plaintiff Estate of Amy Powe appears by and through Samantha Powe, Personal Representative. Amy Powe resided in the Africatown/Prichard corridor of Mobile, Alabama, including on Allenby Street. She died in 2016–2017 from cancer caused or substantially contributed to by environmental toxic exposure. Plaintiff Estate brings this wrongful death action pursuant to 28 U.S.C. § 1346(b) and Alabama Code § 6-5-410.

**B. Defendant**

8. Defendant United States of America is sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, for the negligent acts and omissions of its agency, the Environmental Protection Agency (EPA), through EPA Region 4 (Atlanta) and EPA Region 5 (Chicago).

**C. Jurisdiction and Venue**

9. This Court has jurisdiction under 28 U.S.C. § 1346(b). Plaintiffs fully exhausted administrative remedies by filing Standard Form 95 (SF-95) claims with the EPA on July 1, 2025, July 28, 2025, and August 19, 2025. EPA Claim No. 24-FTCA-00124. The EPA proceeded with the August 19, 2025 claim for $200,000,000 as the operative claim, as confirmed in writing by Kenneth A. Redden, Attorney-Advisor/Agency Claims Officer, U.S. EPA Civil Rights & Finance Law Office (Redden email, August 20, 2025). The EPA issued a formal written denial of Plaintiffs' administrative claim on January 12, 2026 (Redden email: 'FTCA Denial Decision,' January 12, 2026 at 6:51 PM). This action is filed within six months of the written denial pursuant to 28 U.S.C. § 2675(a).

10. Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1402(b) because Plaintiffs reside in Mobile County, Alabama, and the acts and omissions giving rise to this action occurred in Mobile County, Alabama. A related qui tam action, Case No. 1:26-cv-73-TFM-MU (S.D. Ala.), is pending before this Court. EPA OIG Criminal Investigation Case No. 2025-6047-31 (Special Agent Michael Durnin) is pursuing a parallel criminal investigation validating the substantive allegations herein.

## PART II: STATEMENT OF FACTS

### A. The Cumulative Exposure Framework

11. Plaintiffs' injuries result from the cumulative burden of environmental toxicants—principally lead, benzene, and polycyclic aromatic hydrocarbons (PAHs)—acquired across multiple locations and decades. At each location, the EPA failed to exercise its monitoring, warning, and remediation duties.

12. The human body does not segment accumulated toxic burden by geographic source. Lead deposited in bone during childhood in Cleveland, Ohio; lead deposited in bone from lifelong residence in the Africatown/Prichard corridor; lead and PAHs absorbed during incarceration at Hamilton Work Release and the Escambia County Jail in Brewton, Alabama; and toxicants absorbed during military service—all acted upon the same biological systems through the same mechanisms: cytochrome P450 metabolic activation, oxidative stress, aryl hydrocarbon receptor-mediated inflammation, and cumulative deposition in bone and soft tissue.

13. Plaintiff Jeffery Harris's congenital hemivertebra at T7-8 formed during the specific gestational window of 4-6 weeks in utero (approximately March 1980), when Plaintiff's mother was living in the Africatown/Prichard corridor and absorbing lead from an environment EPA had left entirely unmonitored. Plaintiff was also born with a congenital inguinal hernia—a second congenital structural defect originating during the same unmonitored gestation.

14. Plaintiff Holly Powe's congenital cervical fusion at C6-7 and coccyx deformity formed during her gestation in 1974, when her mother resided in the same Africatown/Prichard corridor, likewise unmonitored.

15. Bobby Lee Hill Jr.'s gestation occurred from approximately January 1984 through October 1984, during which his mother Sharon Denise Fails resided in the Africatown/Prichard corridor. His in utero development occurred in the same contaminated, unmonitored environment.

16. The presence of congenital spinal defects in half-siblings Jeffery Harris and Holly Powe—same biological father Dock Powe, different biological mothers, both mothers residing in the Africatown/Prichard corridor during their respective gestations—plus Jeffery Harris's own child born with an inguinal hernia requiring surgical repair, establishes a transgenerational pattern of connective tissue vulnerability originating from environmental toxic exposure.

17. The common element across all locations, all exposures, and all decades was EPA's systemic failure to protect the communities where Plaintiffs lived.

## B. The Africatown/Prichard Corridor — In Utero and Lifelong Exposure

*The Community*

18. The Africatown and Prichard corridor of Mobile County, Alabama, is a historic Black community founded by survivors of the Clotilda, the last documented transatlantic slave ship. Plaintiffs' family has lived in this corridor for generations. The corridor has been encircled by industrial sources since 1928. EPA's own EJSCREEN data (prior to its 2025 shutdown) identified toxic airborne respiratory hazard exposure in the 95th–100th percentile nationally. Soil contamination reached 300–3,000 times World Health Organization safe levels.

*The Gestational Exposure Windows*

19. Plaintiff Jeffery Harris was conceived in approximately February 1980. His spinal column formed during the critical somite segmentation period at 4–6 weeks gestation, approximately March 1980. During all gestational periods relevant to this action, EPA maintained no lead air monitor adequate to protect pregnant women and developing fetuses in the Africatown/Prichard corridor. Plaintiff Jeffery Harris's congenital hemivertebra at T7-8 was documented by MRI on January 29, 2026, at USA Medical Center (MRN 051444670, Accession MR-26-0002304), and confirmed as congenital by Duke Spine Center.

20. Plaintiff Holly Powe's congenital cervical fusion at C6-7 was documented by CT cervical spine on December 11, 2015 and January 20, 2015, both noting 'partial developmental fusion at the C6-7 disc, facet joints and base of the spinous process' consistent with congenital origin.

*The Cox Street Monitor: Too Late and Abandoned*

21. EPA installed a lead-specific air monitor at 248 Cox Street, Mobile, Alabama, in 1981—the year after Plaintiff Jeffery Harris's birth. The monitor recorded detectable lead concentrations continuously from 1981 through 1990. Installation after Plaintiffs' births constitutes EPA's implicit acknowledgment that monitoring was warranted—monitoring that should have been in place during gestations but was not.

22. In 1990, EPA permanently discontinued the Cox Street lead monitor. From 1990 through 2002—twelve years—there was no lead-specific air monitor in Mobile County. EPA briefly operated a lead monitor at 650 Anthony Street, Mobile, from August 2002 through August 2003. From August 2003 through the present—more than twenty-two years—there has been no lead-specific air monitor anywhere in Mobile County, Alabama.

*The Underground Storage Tank Plumes*

23. During the same period of the monitoring void, multiple underground storage tank (UST) releases containing high levels of benzene occurred in the Africatown/Prichard corridor immediately adjacent to Plaintiffs' family residences, including the Dairy Fresh site (2,500 µg/L benzene), the Stop N Go at 79 Dr. Martin Luther King Jr. Drive (8.92 feet of free product), and Eddie's Mart (documented release). EPA Region 4 approved Monitored Natural Attenuation (MNA) as the remediation strategy but installed zero vapor monitors in the surrounding residential neighborhood.

*Disparate Monitoring: The Troy Comparison*

24. During the same period EPA abandoned lead monitoring in Mobile's majority-Black Africatown/Prichard corridor, EPA maintained continuous lead monitoring in Troy, Alabama (Henderson Road monitor, Pike County), a community approximately 60% White. The Troy

monitor recorded lead values up to 29.54 μg/m³—nearly twenty times the NAAQS standard—from 1981 through at least 1992, while Mobile's monitor was abandoned in 1990.

*The Rachel Vines Memorandum*

25. A May 3, 2005, email from ADEM's Rachel Vines (EPA Memo #057910830) documents simultaneous approval of Chevron's well closure while ordering Shell to continue monitoring the same well—a documented 709-fold variance in benzene concentration between adjacent sites. The Chevron site served a minority community; the Shell site served a mixed community. This is direct documentary evidence of discriminatory enforcement of environmental monitoring requirements.

**C. Cleveland, Ohio — EPA Region 5**

26. During their childhoods, Plaintiffs Jeffery Harris, Tyrance Harris, and Bobby Lee Hill Jr. resided in Cleveland, Ohio, with their mother Sharon Denise Fails. In 1993, EPA Region 5 documented severe airborne lead emissions from the Master Metals facility. Multiple air monitors recorded concentrations including readings of 93.54 μg/m³—approximately sixty times the applicable NAAQS standard. Soil lead at and near Master Metals reached 115,000 ppm—approximately 287 times the residential clean-up standard of 400 ppm. EPA Region 5 accepted a settlement of approximately $537,040 against an estimated cleanup cost of $3–7 million and failed to ensure adequate remediation or monitoring during Plaintiffs' childhood residence.

**D. Hamilton Work Release — Coal Ash (Jeffery Harris)**

27. Plaintiff Jeffery Harris was incarcerated at Hamilton Work Release in Marion County, Alabama, from 2016 to 2019. The Gorgas Steam Plant stored over 40 million tons of coal ash in

an unlined 420-acre impoundment. Alabama Power was fined $1.25 million in 2018 for groundwater contamination. During Gorgas closure activities beginning April 15, 2019, Plaintiff experienced documented air quality degradation characterized as 'ash,' followed by hematuria. No air quality monitoring was conducted at or near Hamilton Work Release during this period. Incarcerated individuals constitute a captive population to whom EPA owed a heightened duty of care.

**E. Brewton, Alabama — Creosote and Dioxin (Jeffery Harris)**

28. Plaintiff Jeffery Harris spent approximately 18 months incarcerated at the Escambia County Jail in Brewton, Alabama. TR Miller Mill has conducted creosote operations since 1927. Coal tar creosote is 75–90% PAHs including benzo[a]pyrene (IARC Group 1 carcinogen). Georgia Pacific Brewton LLC reported 1,554,190 pounds of toxic on-site releases in 2020, including dioxin and dioxin-like compounds. No ATSDR health consultation has been conducted for Brewton; TR Miller Mill is not listed on the NPL despite similar facilities nationally generating 55 NPL listings. During incarceration, Plaintiff experienced nerve pain consistent with PAH exposure.

**F. Military Service — Compounding Toxic Burden (Jeffery Harris)**

29. Plaintiff's military occupational exposure to JP-8 jet fuel acted upon the same biological systems as Plaintiff's civilian environmental exposures. The toxic burden is cumulative and indivisible. The VA's determination that Plaintiff's lupus is presumptively connected to toxic exposure is consistent with Plaintiffs' claim that cumulative environmental lead, benzene, and PAH exposure caused Plaintiffs' conditions.

**G. Plaintiffs' Documented Injuries**

30. Plaintiff Jeffery Jerome Harris suffers from the following conditions caused or substantially contributed to by cumulative environmental toxic exposure:

| Category | Condition / Documentation |
|---|---|
| Congenital | Hemivertebra T7-8 — MRI Jan 29, 2026, Accession MR-26-0002304; confirmed Duke Spine Center |
| Congenital | Congenital inguinal hernia (processus vaginalis closure failure during gestation) |
| Autoimmune | Systemic lupus erythematosus (SLE) — VA PACT Act presumptive; hydroxychloroquine 200mg ongoing |
| Autoimmune | Discoid lupus erythematosus (DLE) — Biopsy-confirmed June 7, 2021; permanent facial disfigurement |
| Autoimmune | Rheumatoid arthritis; Sjögren's syndrome |
| Vascular | Vascular fragility — PAH-induced endothelial damage; SLE vasculitis |
| Renal | Renal dysfunction — lead nephropathy; SLE immune complex deposition |

| | |
|---|---|
| Neurological | Central and obstructive sleep apnea; Circadian rhythm sleep disorder; Tinnitus; Vertigo; Peripheral nerve pain; ADHD |
| Reproductive | Erectile dysfunction and male infertility (0% motile forms; lead-induced nitric oxide pathway disruption) |
| Surgical | Failed C3-C6 ACDF (Aug 30, 2024); failed revision (Oct 25, 2024); pseudarthrosis; corrective surgery required |

31. Plaintiff Sharon Denise Fails suffers from systemic lupus erythematosus, renal dysfunction, hematuria, and vascular fragility caused by cumulative lead, benzene, and PAH exposure.

32. Plaintiff Tyrance Harris suffers from peripheral neuropathy, renal stress, chronic migraines, atopic dermatitis, psoriasis, and anemia caused by cumulative lead, benzene, and PAH exposure.

33. Bobby Lee Hill Jr. (deceased) suffered from and died of: Stage 4 chronic kidney disease (creatinine 4.79–6.85 mg/dL); congestive heart failure; treatment-resistant hypertension (BP 230/140 on admission); right thalamic intraparenchymal cerebral hemorrhage with 9–10mm midline shift; brain death confirmed June 28, 2025; death June 29, 2025, age 40. His negative autoimmune workup (ANA, dsDNA, ANCA all negative, June 6, 2023) confirms kidney failure was toxic, not autoimmune, in origin.

34. Plaintiff Holly Powe suffers from: congenital cervical fusion at C6-7; congenital coccyx deformity; ovarian cancer; liver dysfunction; kidney impairment; atherosclerosis; degenerative disc disease; total knee arthroplasty; and chronic gastrointestinal conditions—all caused by cumulative environmental toxic exposure.

35. Amy Powe (deceased) died in 2016–2017 from cancer caused or substantially contributed to by benzene, PAH, and VOC exposure during her residence in the Africatown/Prichard corridor.

**H. Expert Support**

36. Plaintiffs have consulted with Dr. Aaron Specht, Assistant Professor of Health Physics at Purdue University, Visiting Scientist at the Harvard T.H. Chan School of Public Health, and Director of the NIEHS Trace Metals Lab. Dr. Specht has over 15 years of lead exposure research experience, has measured bone lead in over 40,000 individuals, published more than 70 peer-reviewed publications, and been accepted as an expert at trial in Flint Water Crisis litigation. Dr. Specht has expressed willingness to conduct bone lead testing on Plaintiffs and to testify regarding his findings.

37. Plaintiffs have corresponded with Dr. Aaron Reuben of Duke University, whose 2024 study documenting 151 million excess cases of mental health and neurocognitive disorders attributable to leaded gasoline provided the scientific framework connecting long-term environmental lead exposure to chronic disease at the population level.

**I. Discovery and Accrual — Statute of Limitations**

38. Plaintiffs' injuries manifested over years, with serious conditions emerging between 2022 and 2025. Treating physicians did not attribute conditions to environmental exposure. Through public records research prompted by the 2024 Reuben et al. study, Plaintiffs discovered EPA's monitoring gaps, the UST releases, the Rachel Vines memorandum, and the disparate enforcement pattern. This information was not reasonably discoverable before 2024–2025. Plaintiffs' claims accrued no earlier than late 2024 to March 2025. Plaintiffs filed SF-95 administrative claims July 1, 2025 and July 28, 2025. EPA issued a formal written denial on

January 12, 2026. This action is filed within six months of the written denial and is timely under 28 U.S.C. § 2401(b).

## PART III: CAUSES OF ACTION

### COUNT I: NEGLIGENT FAILURE TO MONITOR AND REMEDIATE — MOBILE, ALABAMA (EPA REGION 4)

*(All Plaintiffs)*

39. Plaintiffs incorporate all preceding allegations as if fully set forth herein.

40. EPA owed a duty to Plaintiffs and similarly situated residents of the Africatown/Prichard corridor to exercise reasonable care in monitoring air quality, investigating known contamination, warning affected communities, and remediating hazardous releases. These duties arise under the Clean Air Act, 42 U.S.C. §§ 7401 et seq.; CERCLA § 104(a), 42 U.S.C. § 9604(a); 40 C.F.R. Part 58; and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d.

41. EPA breached these duties by: (a) failing to install any lead air monitor during Plaintiffs' gestations despite known industrial sources; (b) installing the Cox Street monitor in 1981 after births; (c) permanently discontinuing the Cox Street monitor in 1990 without replacement; (d) approving MNA at UST sites without vapor monitoring; (e) failing to operate any NATTS, NCore, PAMS, or IMPROVE monitoring station in Mobile; (f) maintaining monitoring in Troy (majority-White) while abandoning Mobile (majority-Black); (g) applying inconsistent enforcement standards documented in the Rachel Vines memorandum; and (h) failing to warn Plaintiffs or the community of known contamination.

42. These breaches proximately caused Plaintiffs' congenital defects, cumulative toxic burden, and resulting injuries. The Discretionary Function Exception does not apply: CERCLA § 104(a)

uses mandatory 'shall' language; 40 C.F.R. Part 58 imposes mandatory monitoring requirements; and EPA's abandonment of an existing monitoring network in a documented contamination corridor is ministerial failure, not policy judgment. See Berkovitz v. United States, 486 U.S. 531, 536 (1988).

## COUNT II: NEGLIGENT FAILURE TO MONITOR AND CONTROL EMISSIONS — CLEVELAND, OHIO (EPA REGION 5)

*(Jeffery Harris, Sharon Denise Fails, Tyrance Harris, Estate of Bobby Lee Hill Jr.)*

43. Plaintiffs incorporate all preceding allegations as if fully set forth herein.

44. EPA Region 5 breached duties to Plaintiffs by: (a) failing to ensure adequate monitoring of airborne lead from Master Metals during Plaintiffs' childhood residence; (b) accepting a grossly inadequate settlement ($537,040 against $3–7 million cleanup cost); and (c) failing to enforce protective measures sufficient to prevent childhood lead exposure. As a direct and proximate result, Plaintiffs suffered childhood lead exposure accumulating in bone tissue and contributing to cumulative lifetime lead burden.

## COUNT III: NEGLIGENT FAILURE TO MONITOR — GORGAS STEAM PLANT COAL ASH (EPA REGION 4)

*(Jeffery Harris)*

45. Plaintiffs incorporate all preceding allegations. EPA breached its duty by failing to require air quality monitoring at or near Hamilton Work Release during the Gorgas Steam Plant closure activities in 2019, resulting in Plaintiff's coal ash exposure, acute hematuria, and erectile dysfunction. Incarcerated individuals constitute a captive population to whom EPA owed a heightened duty of care.

**COUNT IV: NEGLIGENT FAILURE TO MONITOR AND ASSESS — BREWTON CREOSOTE AND DIOXIN (EPA REGION 4)**

*(Jeffery Harris)*

46. Plaintiffs incorporate all preceding allegations. EPA breached duties by: (a) failing to list TR Miller Mill on the NPL; (b) failing to conduct an ATSDR health consultation for Brewton; (c) failing to conduct cancer cluster investigations; (d) failing to conduct cumulative impact assessments; and (e) failing to monitor PAHs and dioxins in Brewton. As a direct result, Plaintiff suffered PAH exposure contributing to vascular damage, kidney damage, and nerve pain.

**COUNT V: NEGLIGENCE — CUMULATIVE EXPOSURE AND COMPOUNDING HARM**

*(All Plaintiffs)*

47. Plaintiffs incorporate all preceding allegations. Plaintiffs' injuries are indivisible across exposure locations and EPA Regions. EPA's negligence at each location compounded harm from negligence at every other location. EPA's systemic failure across Regions and decades—the consistent pattern of not monitoring, not warning, and not remediating in communities where Plaintiffs lived—was the proximate cause of Plaintiffs' cumulative toxic burden and resulting injuries, including the wrongful deaths of Bobby Lee Hill Jr. and Amy Powe.

## PART IV: DAMAGES

48. Plaintiffs incorporate all preceding allegations. Plaintiffs seek compensatory damages for past and future medical expenses, pain and suffering, loss of enjoyment of life, physical impairment and permanent disability, lost earning capacity, and mental anguish, in amounts to be proven at trial.

49. The Estate of Bobby Lee Hill Jr. additionally seeks wrongful death damages under Alabama Code § 6-5-410, including funeral expenses, loss of companionship, and the full value of his life wrongfully cut short at age 40.

50. The Estate of Amy Powe additionally seeks wrongful death damages under Alabama Code § 6-5-410.

51. Plaintiffs have engaged Dr. Aaron Specht to perform bone lead testing via portable XRF to quantify cumulative lifetime lead burden. Plaintiffs reserve the right to supplement damages based on testing results.

## PART V: PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment against Defendant United States of America on all counts;

2. Award Plaintiffs compensatory damages in amounts to be proven at trial;

3. Award the Estate of Bobby Lee Hill Jr. wrongful death damages under Alabama Code § 6-5-410;

4. Award the Estate of Amy Powe wrongful death damages under Alabama Code § 6-5-410;

5. Award Plaintiffs costs of suit, including expert witness fees and litigation expenses;

6. Refer appropriate evidence to the United States Department of Justice and the EPA Office of Inspector General for investigation of potential False Claims Act violations, consistent with EPA OIG Criminal Investigation Case No. 2025-6047-31 (Special Agent Michael Durnin); and

7. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of May, 2026.

**[SIGNATURE PAGE PREVIOUSLY EXECUTED AND ATTACHED]**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA — SOUTHERN DIVISION**

JEFFERY JEROME HARRIS, et al.,
Plaintiffs,
v. **Case No.:** 26-CV-184 -
UNITED STATES OF AMERICA,
Defendant.

---

**SIGNATURE AND VERIFICATION PAGE**
**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Respectfully submitted this 26th day of May, 2026.

**PLAINTIFF 1 — JEFFERY JEROME HARRIS**

______________________________

**Jeffery Jerome Harris**
Plaintiff, Pro Se
2054 Height Street, Mobile, Alabama 36605
(228) 819-0118
harrisjeffery04@gmail.com

**PLAINTIFF 2 — SHARON DENISE FAILS**
individually and as Executor of the Estate of Bobby Lee Hill Jr.

______________________________

**Sharon Denise Fails**
Plaintiff, Pro Se, individually and as Executor of the Estate of Bobby Lee Hill Jr.
1900 Shelton Beach Road Ext, Apt 1004, Mobile, Alabama 36618
(251) 298-1630

**PLAINTIFF 3 — TYRANCE HARRIS**

______________________________

**Tyrance Harris**
Plaintiff, Pro Se
3855 Autumndale Drive, Mobile, Alabama 36618
(251) 588-5228

**PLAINTIFF 4 — HOLLY POWE**

______________________________

**Holly Powe**
Plaintiff, Pro Se
1117 North Dr. Martin L. King Jr. Drive, Mobile, Alabama 36610
(251) 329-3271

**PLAINTIFF 5 — SAMANTHA POWE**
Personal Representative of the Estate of Amy Powe

______________________________

**Samantha Powe**
Personal Representative of the Estate of Amy Powe
318 4th Avenue, Foley, Alabama 36535
(251) 394-5811

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2026, a true and correct copy of the foregoing Complaint was served on the United States Attorney for the Southern District of Alabama and the Attorney General of the United States by placing a copy in the United States mail, first-class postage prepaid, addressed to:

United States Attorney's Office
Southern District of Alabama
63 South Royal Street, Suite 600
Mobile, AL 36602

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

__________________________________

Jeffery Jerome Harris

---

**VERIFICATION PAGES**

Each plaintiff must sign their own verification separately.

---

**INDIVIDUAL VERIFICATION**

I, Jeffery Jerome Harris, declare under penalty of perjury under the laws of the United States of America that I am a Plaintiff in the above-captioned action; that I have read the foregoing Complaint for Damages Under the Federal Tort Claims Act; and that the factual allegations contained therein that relate to me personally are true and correct to the best of my knowledge, information, and belief.

Executed this 26th day of May, 2026, at Mobile County, Alabama.

[signature]

**Jeffery Jerome Harris**
Plaintiff

---

**INDIVIDUAL VERIFICATION**

I, Sharon Denise Fails, declare under penalty of perjury under the laws of the United States of America that I am a Plaintiff in the above-captioned action; that I have read the foregoing Complaint for Damages Under the Federal Tort Claims Act; and that the factual allegations contained therein that relate to me personally are true and correct to the best of my knowledge, information, and belief.

Executed this 4 day of May, 2026, at Mobile County, Alabama.

Sharon Denise Fails

**Sharon Denise Fails**
Plaintiff

---

**INDIVIDUAL VERIFICATION**

I, Tyrance Harris, declare under penalty of perjury under the laws of the United States of America that I am a Plaintiff in the above-captioned action; that I have read the foregoing Complaint for Damages Under the Federal Tort Claims Act; and that the factual allegations contained therein that relate to me personally are true and correct to the best of my knowledge, information, and belief.

Executed this 3rd day of May, 2026, at Mobile County, Alabama.

Tyrance Harris

**Tyrance Harris**
Plaintiff

---

**INDIVIDUAL VERIFICATION**

I, Holly Powe, declare under penalty of perjury under the laws of the United States of America that I am a Plaintiff in the above-captioned action; that I have read the foregoing Complaint for Damages Under the Federal Tort Claims Act; and that the factual allegations contained therein that relate to me personally are true and correct to the best of my knowledge, information, and belief.

Executed this 1st day of May, 2026, at Mobile County, Alabama.

Holly Powe

**Holly Powe**
Plaintiff

---

**INDIVIDUAL VERIFICATION**

I, Samantha Powe, declare under penalty of perjury under the laws of the United States of America that I am a Plaintiff in the above-captioned action; that I have read the foregoing Complaint for Damages Under the Federal Tort Claims Act; and that the factual allegations contained therein that relate to me personally are true and correct to the best of my knowledge, information, and belief.

Executed this 1st day of May, 2026, at Mobile County, Alabama.

Samantha Powe

**Samantha Powe**
Plaintiff