**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| JEFFERY JEROME HARRIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIV. ACTION NO. 26-184-JB-MU |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On May 26, 2026, Plaintiffs filed this complaint, *pro se*, against the United States of America under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2671–2680, for the alleged negligent acts and omissions of its agency, the Environmental Protection Agency. (Doc. 1). On June 3, 2026, Plaintiff Jeffery Harris filed an amended complaint asserting the same claims but including what appear to be additional factual allegations. (Doc. 5). The $405 filing fee has not been paid, and instead Plaintiff Jeffery Harris filed this Court's form Motion to Proceed Without Prepayment of Fees (*in forma pauperis*, or IFP) with the complaint. (Doc. 2). This action has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. Pro. 15(a)(1)(a), amendment of the complaint is permitted as a matter of course at this stage of the proceedings. However, in reviewing the amended complaint, the Court notes that it is not signed by any of the plaintiffs. (See Doc. 5, PageID.21-23. Therefore, the amended complaint will not be considered the operative complaint until it is filed with the signature of all

*pro se* plaintiffs as required by this Court's General L.R. 5. Additionally, as further described below, a *pro se* plaintiff can only proceed on his own behalf and cannot represent the interests of another *pro se* plaintiff. Therefore, each *pro se* plaintiff must provide his or her own signature and address (as was done in the original complaint), and Plaintiff Jeffery Harris cannot provide his address on behalf of or in "c/o" of the other plaintiffs as he has attempted to do in the proposed amended complaint. (*See* Doc. 5, PageID.21).

In reviewing the motion to proceed IFP, the Court notes that only one Plaintiff – Jeffery Harris – has filed a motion to proceed IFP. However, there are multiple named plaintiffs in this case, and the complaint states that all plaintiffs reside in different households. (Doc. 1, PageID.2-4). Therefore, each plaintiff must file a motion to proceed IFP, and each plaintiff must qualify to proceed IFP in order for this case to proceed without payment of the filing fee. The remaining plaintiffs are **ORDERED** to each file a motion to proceed IFP, or any plaintiff may pay the $405 filing fee for this case, on or before **July 17, 2026**.

In reviewing the complaint (and the proposed amended complaint), the Court also notes that two plaintiffs are attempting to proceed, *pro se* (without an attorney), on behalf of an estate. The complaint states that Plaintiff Sharon Denise Fails is the mother of the decedent Bobby Lee Hill, Jr. and "is the duly appointed executor of the Estate of Bobby Lee Hill Jr. by the Mobile County Probate Court." (Doc. 1, PageID.3). The complaint also states that "Plaintiff Estate of Amy Powe appears by and through Samantha Powe, Personal Representative." (Doc. 1, PageID.4). The complaint does not state whether Smanatha Powe was appointed

as the executor of Amy Powe's estate and notes that Amy Powe "died in 2016-2017." Therefore, the Estate of Amy Powe is **ORDERED** to clarify whether Samantha Powe has been formally appointed as the executor or personal representative of Amy Powe's estate on or before **July 17, 2026**.

Section 1654 authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. "The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." *Franklin v. Garden State Life Ins*., 462 F. App'x 928, 930 (11th Cir. 2012). Accordingly, a party may proceed *pro se* on his own behalf, but as a non-attorney, he cannot engage in the practice of law on behalf of others.

The issue of whether an executor of an estate can represent an estate *pro se* in federal court was recently addressed by the Eleventh Circuit in *Iriele v. Griffin*, which held that:

> under the terms of § 1654, an executor may not represent an estate *pro se* where there are additional beneficiaries, other than the executor, and/or where the estate has outstanding creditors. In such a situation…an executor of such an estate does not bring his "own case" and thus the estate must be represented by counsel.

*Iriele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023). Therefore, the Estate of Bobby Lee Hill Jr. and the Estate of Amy Powe must verify for the Court that there are no additional beneficiaries other than the executor and that the estate has no outstanding creditors before the Court may consider whether the executor may proceed *pro se*.[1] On the other hand, if there are additional beneficiaries or

---

[1] Notably, in *Iriele*, the Eleventh Circuit specifically stated that it did not reach the question of whether an executor of an estate without any creditors or additional beneficiaries can represent an

outstanding creditors, the estate must obtain counsel, but the Court is required to provide an opportunity to obtain counsel before dismissing the case for that reason. *Id*. at 1285. ("We further hold that when a *pro se* plaintiff improperly seeks to represent an estate with additional beneficiaries and/or creditors, the district court may not simply dismiss the case without providing the plaintiff an opportunity to cure the deficiency.")

Accordingly, it is **ORDERED** that on or before **July 17, 2026**, the Estate of Bobby Lee Hill Jr. and the Estate of Amy Powe must verify for the Court that there are no additional beneficiaries other than the executor and that there are no outstanding creditors as to their respective estates. Alternatively, on or before **July 17, 2026**, the Estate of Bobby Lee Hill Jr. and the Estate of Amy Powe must obtain counsel.

**DONE** and **ORDERED** this 4th day of June, 2026.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

estate *pro se* in federal court under § 1654, as it found that question was not before them. *Iriele*, 65 F.4th at n.8. If an executor establishes that she is the sole beneficiary and there are no outstanding creditors, this Court will then have to consider that question if the estate wishes to proceed *pro se*.