**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JEFFERY JEROME HARRIS; SHARON DENISE FAILS;
TYRANCE HARRIS; and HOLLY POWE,
Plaintiffs,

vs.

UNITED STATES OF AMERICA,
Defendant.

**Civil No. 1:26-cv-00184-JB-MU**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE EXHIBITS A THROUGH U IN SUPPORT OF THEIR OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS (DOC. 14), OR IN THE ALTERNATIVE, NOTICE OF FILING UNDER RULE 12(D)**

Plaintiffs, appearing pro se, respectfully move the Court for leave to file Exhibits A through U, referenced throughout the Second Amended Complaint (Doc. 7) and in Plaintiffs' Opposition (Doc. 14). In support, Plaintiffs state:

1. The omission is real, and Plaintiffs do not dispute it. The United States correctly observes at footnote 2 of its Motion that "Plaintiffs cite to Exhibits A-U throughout the SAC and include an exhibit list, but Plaintiffs did not attach any of the exhibits to the SAC or file them separately." (Doc. 12 at 13 n.2.) That is accurate. The Notice of Electronic Filing for Doc. 7 lists a single associated document, described only as "Main Document." No exhibit and no index accompanied it. Plaintiffs bring the omission to the Court's attention rather than leaving the record to speak by silence.

2. The exhibits are not new material. Plaintiffs do not seek to inject new allegations. Each exhibit is a document already identified by letter in the Second Amended Complaint and relied upon in the pleading the United States has moved to dismiss. Leave is sought to place before the Court the very documents the pleading describes. The accompanying Index of Exhibits and Exhibits A–U are filed in the same order and lettering used in Doc. 7.

3. Rule 12(d) independently entitles Plaintiffs to present their material. The United States moves under both Rule 12(b)(1) and Rule 12(b)(6), and attaches seven exhibits. Rule 12(d), Fed. R. Civ. P., provides that if, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

4. The limitations ground is a Rule 12(b)(6) ground, not a jurisdictional one. The United States frames its statute-of-limitations argument as depriving this Court of subject matter jurisdiction. (Doc. 12 at 2.) The authority it cites for the governing text holds otherwise, as Plaintiffs set out in their Opposition. In United States v. Wong, 575 U.S. 402 (2015) — an authority cited in the Opposition and verified in Plaintiffs' Certificate of Citation Verification filed with it — the Supreme Court held: "Accordingly, we hold that the FTCA's time bars are nonjurisdictional and subject to equitable tolling." The limitations argument therefore arises under Rule 12(b)(6), and Rule 12(d) applies to it in full.

5. On the jurisdictional grounds, evidence is likewise properly received. To the extent the United States advances a factual attack on subject matter jurisdiction supported by extrinsic evidence — as its seven exhibits reflect — matters outside the pleadings are properly before the Court, and Plaintiffs' responsive evidence is equally so.

6. The exhibits bear directly on the discretionary function exception. The United States argues that Plaintiffs have not identified any mandatory or specific directive that would remove its conduct from 28 U.S.C. § 2680(a). The exhibits are the documentary basis for that showing. As the Supreme Court has held in an authority Plaintiffs cited in their Opposition, “the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive. And if the employee's conduct cannot appropriately be the product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect.” Berkovitz v. United States, 486 U.S. 531 (1988). The exception “insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment.” Id. Whether the conduct documented in the exhibits was a permissible exercise of policy judgment cannot be resolved on a record from which the documents have been omitted.

7. This Motion concerns Exhibits A through U of the Second Amended Complaint, and no other exhibit. Plaintiffs' Opposition (Doc. 14) was filed with two attachments, docketed as “# (1) Affidavit” and “# (2) Exhibit MA'AT citation verification.” Nothing in this Motion seeks to disturb, supplement, or re-file either. This Motion is directed solely to the lettered Exhibits A through U identified in the Second Amended Complaint, which were not transmitted with it.

8. The exhibits include records of the Defendant's own agency. Plaintiffs will make each exhibit available to counsel for the United States for inspection and copying upon reasonable notice. [CONFIRM before filing: identify by letter which of Exhibits A–U originated with EPA or another federal agency.]

9. No prejudice; no delay sought. Plaintiffs do not ask to reopen briefing, do not seek to file a sur-reply, and do not seek any continuance. Plaintiffs ask only that the documents the pleading identifies be placed in the record the Court will review. Should the Court prefer, Plaintiffs consent to the United States being afforded leave to respond to the exhibits.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file the Index of Exhibits and Exhibits A through U in support of Doc. 14; or, in the alternative, treat this filing as a Notice of Filing under Rule 12(d), Fed. R. Civ. P.; and grant such other relief as is just.

Respectfully submitted this 4th day of September, 2026.

DocuSigned by:
5141111185FC443...

**JEFFERY JEROME HARRIS**
Plaintiff, Pro Se
2054 Height Street
Mobile, Alabama 36605
(228) 819-0118
harrisjeffery04@gmail.com

Signed by:
667535ADD098480...

**SHARON DENISE FAILS**
Plaintiff, Pro Se
1900 Shelton Beach Road Ext., Apt. 1004
Mobile, Alabama 36618
hilllove58@yahoo.com

Signed by:
2130AD0D4EFD4D7...

**TYRANCE HARRIS**
Plaintiff, Pro Se
3855 Autumndale Drive
Mobile, Alabama 36618
tarell2003@gmail.com

Signed by:
B0C09F2EFED94FD...

**HOLLY POWE**
Plaintiff, Pro Se
1117 North Dr. Martin Luther King Jr. Drive
Mobile, Alabama 36610
epowe676@gmail.com

*Mailing addresses above are taken verbatim from the Court's CM/ECF Notice of Electronic Filing for Doc. 14. Confirm each is current before filing.*

## CERTIFICATE OF SERVICE

I certify that on the 6th day of September, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to counsel of record for the United States, and that service was accomplished on all parties entitled to notice.

DocuSigned by:
5141111185FC443...

**JEFFERY JEROME HARRIS**
Plaintiff, Pro Se