**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

JEFFERY HARRIS, et al., )
Plaintiffs, )
)
v. ) Civil Action No. 1:26-cv-00184-JB-MU
)
UNITED STATES OF AMERICA, )
Defendant. )

# PLAINTIFF JEFFERY HARRIS'S MOTION TO CORRECT THREE EXHIBITS TO DOCUMENT 16

# AND TO SEAL AN INADVERTENTLY-FILED PROVISIONAL PATENT APPLICATION

Plaintiff Jeffery Harris respectfully moves the Court, before it rules on the pending Motion for Leave to File Exhibits (Doc. 16, unopposed per Doc. 18), for an order correcting three of the exhibits lodged with that motion and sealing one inadvertently-filed document. Plaintiff Jeffery Harris files and signs this motion pro se, on his own behalf only; he does not purport to represent the other pro se plaintiffs. In support, he states:

## I. INTRODUCTION AND RELIEF REQUESTED

1. On September 4, 2026, Plaintiffs filed a Motion for Leave to File Exhibits with twenty attachments (Doc. 16). On September 15, 2026, the United States filed a non-opposition (Doc. 18), noting that three of the filed attachments — the documents at CM/ECF slots 16-8, 16-18, and 16-20 — appear to fall outside the operative Second Amended Complaint (Doc. 7). No order has issued on Doc. 16.

2. Plaintiff Jeffery Harris agrees that a correction is appropriate and moves, before the Court rules, for an order:

(a) as to slot 16-8, permitting substitution of a corrected exhibit containing only the Environmental Protection Agency correspondence, and withdrawing the unrelated genealogical record inadvertently bound into the same PDF;

(b) as to slot 16-18, permitting substitution of a corrected Exhibit S containing only the seven-page expert report of Dr. Aaron Specht, and sealing the unrelated provisional patent application inadvertently bound into the same PDF, which Plaintiff Harris will lodge separately in camera; and

(c) as to slot 16-20, withdrawing the exhibit, which is general background reference material not tied to any allegation of the operative complaint.

3. Each request is committed to the Court's inherent authority to manage its own docket and records; none requires amendment of a pleading. Because Doc. 16 remains pending and unopposed, correction now supersedes the erroneous uploads before they become the operative record and avoids any need for later relief.

## II. THE 16-8 CORRECTION — SUBSTITUTE THE EPA CORRESPONDENCE; WITHDRAW THE GENEALOGY

4. The document at slot 16-8 was inadvertently filed as a combined PDF containing two unrelated items: (i) a genealogical census record, and (ii) Plaintiffs' correspondence with the Environmental Protection Agency's Office of General Counsel. Only the EPA correspondence belongs in the record.

5. That correspondence is not extraneous to the pleadings. The Second Amended Complaint (Doc. 7) expressly relies on this exchange for its administrative-exhaustion and timeliness allegations. See Doc. 7 ¶ 8. The correspondence documents that the EPA treated Plaintiffs' August 19, 2025 administrative claim as the operative claim, acknowledged that claim, and that this action was timely filed following the agency's disposition — the jurisdictional predicate under 28 U.S.C. § 2675(a). The claim also stated a sum certain, which governs the ceiling on damages under 28 U.S.C. § 2675(b). Preserving the corrected, correspondence-only exhibit therefore supports the Court's subject-matter jurisdiction.

6. Plaintiff Jeffery Harris accordingly moves to substitute a corrected Exhibit at slot 16-8 containing only the EPA correspondence, in compliance with Fed. R. Civ. P. 5.2, and to withdraw the two-page genealogical record inadvertently included. No sealing is requested as to this exhibit.

## III. THE 16-18 CORRECTION — SUBSTITUTE EXHIBIT S; SEAL THE PROVISIONAL PATENT

7. The document at slot 16-18 was likewise inadvertently filed as a combined PDF. Its first seven pages are the intended Exhibit S — the December 29, 2025 expert report of Dr. Aaron Specht ("In the matter of: Cumulative Lead Testing"). Its remaining pages are an unrelated document: the inventor's provisional patent application, which is not referenced in, or an exhibit to, the operative Second Amended Complaint. It was bound into the Specht PDF by mistake.

8. Plaintiff Jeffery Harris moves to substitute a corrected Exhibit S at slot 16-18 containing only the seven-page Specht report. This substitution introduces no new claim, injury, or theory, and no damages figure beyond the sum certain administratively presented; it merely restores the exhibit that was intended to occupy the slot.

9. Sealing the provisional patent. Because the provisional patent application was made publicly accessible only through this inadvertent filing, and because it constitutes confidential intellectual property whose disclosure impairs its owner's rights, Plaintiff Jeffery Harris moves under General Local Rule 5.2 to seal it. As GenLR 5.2(a) provides, "[p]ortions of a document cannot be filed or placed under seal — only the entire document may be sealed." Plaintiff Harris therefore does not seek to seal a portion of the combined PDF in place; instead, the patent application is carved out of slot 16-18 (which is corrected to the Specht report alone) and lodged separately, in camera and under seal, as its own document, so that it may be sealed in its entirety.

10. This motion satisfies GenLR 5.2(b)(2). As required, this is an unsealed written motion stating:

(A) Generic identification of the document to be sealed: a provisional patent application authored by Plaintiff Jeffery Harris, inadvertently bound into the exhibit at slot 16-18, concerning a method and system in X-ray fluorescence spectrometry.

(B) Basis for the request, and why alternatives are inadequate: The document is confidential intellectual property that is not part of the operative pleading and has no evidentiary bearing on the pending motions. Its public availability impairs the owner's patent rights. Redaction is not a reasonable alternative because the entire document — specification, drawings, and claims — is the confidential matter; there is no non-confidential remainder to preserve on the public docket. Removing it from the exhibit and sealing it in its entirety is the narrowest effective measure.

(C) Duration requested: Plaintiff Jeffery Harris requests that the document remain sealed permanently, or for such period as the Court deems appropriate, subject to GenLR 5.2(b)(6).

Plaintiff Harris submits herewith a proposed unsealed order and will lodge the patent document in camera under seal via the CM/ECF "Sealed Document(s)" event.

11. The common-law standard is met. Every court has supervisory power over its own records and files, and may deny public access where those files would become "sources of business information that might harm a litigant's competitive standing." Nixon v. Warner Communications, Inc., 435 U.S. 589,

598 (1978). The Eleventh Circuit weighs the presumption of access against countervailing interests through a balancing test, and the presumption is at its weakest for material that is not filed in connection with a substantive motion requiring judicial resolution of the merits. Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). Here the balance favors sealing: the patent application was filed inadvertently, is not part of the operative complaint, plays no role in the pending Rule 12 motion, and its owner's intellectual-property interest is precisely the kind of competitive interest Nixon recognized — while the public has no legitimate interest in an exhibit erroneously included and unrelated to the merits. The United States does not oppose the correction (Doc. 18); Plaintiff Harris recognizes, however, that non-opposition does not itself overcome the public's right of access, and submits that the balancing independently supports the seal. Plaintiff Harris further requests that the Court direct the Clerk to restrict the original docket entry at slot 16-18 so that the inadvertently-filed patent pages are no longer publicly retrievable.

## IV. THE 16-20 CORRECTION — WITHDRAWAL

12. The document at slot 16-20 is a Congressional Research Service report (a general directory of Medicaid enrollment data sources). It is background reference material and is not cited in, or an exhibit tied to, any allegation of the operative Second Amended Complaint. To cure the concern raised in Doc. 18, Plaintiff Jeffery Harris moves to withdraw the exhibit at slot 16-20. Plaintiff Harris does not represent that this report is relied upon in the operative complaint.

## V. GROUNDS — THE COURT'S AUTHORITY

13. The relief sought is docket management, not pleading amendment. A motion for leave with attached exhibits is a motion under Fed. R. Civ. P. 7(b), not a pleading; Rule 15 is therefore inapposite, and no relation-back is required. The Court's inherent authority to control its docket and correct its own records supplies the authority to permit the substitutions and the withdrawal before ruling on Doc. 16. The seal is governed by GenLR 5.2 and the common-law access standard set out above.

## VI. CONCLUSION

14. Plaintiff Jeffery Harris respectfully requests that the Court enter an order: (a) permitting substitution of the corrected EPA-correspondence exhibit at slot 16-8 and withdrawing the genealogical record; (b) permitting substitution of the corrected seven-page Exhibit S at slot 16-18, sealing the separately-lodged provisional patent application in its entirety, and directing the Clerk to restrict the original 16-18 docket entry; (c) withdrawing the exhibit at slot 16-20; and (d) permitting the corrected exhibit set to stand as the record supporting the pending motions.

Respectfully submitted this 16th day of September, 2026.

/s/ Jeffery Harris
Jeffery Harris, Plaintiff pro se
2054 Height Street
Mobile, AL 36605
harrisjeffery04@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of September, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for the United States — Emma L. Sloan, Assistant United States Attorney, U.S. Attorney's Office, Southern District of Alabama; and India Priyanka Ghosh, Trial Attorney, U.S. Department of Justice, Environmental Tort Litigation Section. I further certify that I have served the foregoing by United States Postal Service, first-class mail, postage prepaid, on the following non-CM/ECF participants:

Sharon Denise Fails, 1900 Shelton Beach Road Ext., Apt 1004, Mobile, AL 36618;

Tyrance Harris, 3855 Autumndale Drive, Mobile, AL 36618; and

Holly Powe, 1117 North Dr. Martin Luther King Jr. Drive, Mobile, AL 36610.

/s/ Jeffery Harris